# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| WILLIE FRANK WRIGHT, JR., : | |
| Plaintiff, : | |
| : | NO. 5:10-CV-254 (MTT) |
| VS. : | |
| TAMIKA WALLER, *et al.*, : | |
| : | Proceedings Under 42 U.S.C. §1983 |
| Defendants. : | Before the U.S. Magistrate Judge |

## RECOMMENDATION

Before the Court is a Motion to Dismiss filed by Defendants Tamika Waller, Officer Freeland, Officer Butler, Officer Smith, and Lee Simmons alleging that Plaintiff Willie Frank Wright, Jr. failed to exhaust his available administrative remedies prior to filing the instant action. Doc. 13. For the following reasons, it is **RECOMMENDED** that the Defendants' Motion to Dismiss be **GRANTED** and that this action **DISMISSED**.

## FACTUAL AND PROCEDURAL HISTORY

In his Complaint, Plaintiff alleges that on January 8, 2010, Defendants Freeland and Butler, at the direction of Defendant Waller, activated a sprinkler in his isolation cell, spraying him with high pressure water. Plaintiff claims that he was knocked to the floor by the force of the water, and that he injured his hand and sustained pressure burns on his skin. Plaintiff further alleges that, following this incident, he was denied medical treatment and was kept in wrist and ankle restraints for a period of six hours.[1]

---

[1] Plaintiff also makes claims alleging deprivations of his religious freedom and ability to access the courts. These claims, however, are the subject of another action previously filed by Plaintiff that is presently pending before this Court. See Case # 5:10-cv-203.

**DISCUSSION**

The Prison Litigation Reform Act (PLRA) mandates that before an incarcerated plaintiff can bring any action under 42 U.S.C. §1983, he must exhaust all of his available administrative remedies. 42 U.S.C. §1997e(a). Moreover, the Eleventh Circuit has made it clear that exhaustion of available administrative remedies is a precursor to a prisoner's filing a civil rights action, even when the administrative procedures set forth by the prison are futile or inadequate. Alexander v. Hawk, F.3d 1321, 1326 (11th Cir. 1998).

Where, as here, a motion seeking dismissal based on the affirmative defense of failure to exhaust is filed, review of the motion involves a two-step process. See Turner v. Burnside, 541 F.3d 1077 (11th Cir. 2008). The court first looks to the factual allegations in the motion seeking dismissal as well as those in the plaintiff's response. If they conflict, the court takes the plaintiff's version of the facts as true. Id. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." Id. If the complaint is not subject to dismissal under the plaintiff's version of the facts, the court must proceed to the second step, making specific findings of fact to resolve the disputed factual issues related to exhaustion. Id. At this second stage of the analysis, it is the defendants' burden to prove that the plaintiff failed to exhaust his available administrative remedies. Id.

In this case, the parties have submitted conflicting evidence regarding the exhaustion of remedies. Defendants have submitted the affidavit of Baldwin County Jail Administrator and records custodian Jeff Petty, who states that he maintains a file of all grievance forms and grievance appeals filed by inmates. Based on his review of the files, Petty concludes that Plaintiff did not file a written grievance or administrative grievance appeal with regard to the events that allegedly occurred on January 8, 2010. Attached to his affidavit is a document showing that Plaintiff did

submit a grievance on January 6, 2010, complaining about a lack of access to law books. In his Response to the Motion to Dismiss, Plaintiff concedes that he was familiar with the jail's grievance procedures[2] and states that he filed "not one but three grievances on these issues." Pl.'s Resp. 1 (Doc.16). He does not include any documents to support his statement, however, and contends that the jail does not provide inmates with copies of grievances.

Defendants have met their burden of showing that Plaintiff failed to exhaust his administrative remedies. The evidence shows that Plaintiff was aware of the grievance procedure, that he had filed grievances related to other matters, that the jail kept records of inmate grievances, and that there was no record of a grievance filed related to the events alleged in the present Complaint. The self-serving statements in Plaintiff's response lack sufficient credibility to overcome the evidence presented by Defendants.

Accordingly, **IT IS RECOMMENDED** that Defendants' Motion to Dismiss be **GRANTED** and that this action be **DISMISSED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 15th day of June, 2011.

                                                            s/ Charles H. Weigle
                                                            Charles H. Weigle
                                                            United States Magistrate Judge

---

[2] In his response, Plaintiff admits that he was a frequent participant in the grievance procedure, explaining, "I filed so many grievances while I was at the jail, the form should be called "Willie" or named after me. Pl.'s Resp. 2 (Doc 16).