IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WILLIE FRANK WRIGHT, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:10-CV-254 (MTT) |
| ) | |
| TAMIKA WALLER, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## ORDER

This matter is before the Court on the Recommendation of United States Magistrate Judge Charles H. Weigle.  (Doc. 25).  The Magistrate Judge recommends granting the Defendants' Motion to Dismiss and dismissing this action because the Plaintiff failed to exhaust his administrative remedies prior to filing suit.  Specifically, the Magistrate Judge concluded that the Defendants met their burden of showing that the Plaintiff failed to exhaust his administrative remedies, noting that there was no record of a grievance filed relating to the events alleged in the Plaintiff's complaint.  The Plaintiff has filed an objection to the Recommendation.  (Doc. 29).  Pursuant to 28 U.S.C. § 636(b)(1), the Court has considered the Plaintiff's objection and has made a de novo determination of the portions of the Recommendation to which the Plaintiff objects.  The Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.  The Recommendation is adopted and made the order of this Court.  The Defendants' Motion to Dismiss is **granted** and this action is **dismissed without prejudice**.

The Plaintiff has also filed a Motion to Amend his complaint. (Doc. 26). In his Motion to Amend, the Plaintiff elaborates on the claims in his original complaint and adds several new claims of retaliation. Although Federal Rule of Civil Procedure 15(a)(2) counsels courts to "freely give leave when justice so requires," "a motion to amend may be denied on numerous grounds, such as undue delay, undue prejudice to the defendants, and futility of the amendment." *Carruthers v. BSA Adver., Inc.,* 357 F.3d 1213, 1218 (11th Cir. 2004) (internal citation and quotation marks omitted). The Plaintiff filed his amended complaint on June 16, 2011, approximately one year after the filing of his original complaint, nearly three months after the close of discovery, and more than seven months after the filing of the Defendants' Motion to Dismiss. Nowhere in his Motion to Amend does the Plaintiff attempt to justify this delay. Moreover, nothing suggests that the new claims asserted by the Plaintiff were unknown to the Plaintiff at the time he filed his original complaint. Accordingly, for the reasons set forth above, the Plaintiff's Motion to Amend is **denied**.

**SO ORDERED,** this 22nd day of August, 2011.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT